**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| BRIAN ADAM BURNEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:19-CV-402 ACL |
| ) | |
| WARDEN STANLEY PAYNE,[1] ) | |
| ) | |
| Respondent(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Brian Adam Burney for a writ of habeas corpus under 28 U.S.C. § 2254. The State has filed a response. Petitioner has not filed a reply and the time for doing so has passed. Both parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ of habeas corpus will be denied.

**I.   BACKGROUND**

Petitioner is currently incarcerated at Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri. Petitioner was charged with a class C felony of aggravated stalking in violation of Mo. Rev. Stat. § 565.225.3 (Count I), and sexual misconduct in the second degree, in violation of Mo. Rev. Stat. § 566.095 (Count II). (ECF No. 8-2 at 8-10). On November 7, 2016, Petitioner waived his right to a trial by jury. (ECF No. 8-2 at 24). On May 15, 2017, subsequent to a bench trial, the circuit court of Cape Girardeau County, Missouri found Petitioner guilty of both charged counts. (ECF No. 8-2 at 31-33). Petitioner was sentenced as a

---

[1] At the time Petitioner filed his habeas petition, he resided at the Eastern Reception Diagnostic Correctional Center. Petitioner now resides at the Western Reception, Diagnostic, and Correctional Center, and Warden Richard Stepanek should be substituted as the proper respondent.

1

prior offender to concurrent sentences of four years of imprisonment in the Missouri Department of Corrections for aggravated stalking and fifteen days of imprisonment in the Cape Girardeau County Jail for sexual misconduct in the second degree. The Circuit Court suspended execution of the sentences and retained jurisdiction for one hundred and twenty days to place Petitioner in a shock incarceration program pursuant to Mo. Rev. Stat. § 559.115.

Petitioner directly appealed to the Missouri Court of Appeals of the Eastern District, Case No. ED105631, in which he challenged the trial court's sufficiency of the evidence to convict him of both Counts of aggravated stalking and sexual misconduct.  (ECF No. 8-3 at 10-11). The Missouri Court of Appeals affirmed the judgment on August 14, 2018. *State v. Burney*, 553 S.W.3d 891 (Mo. Ct. App. 2018).

On March 1, 2019, the instant § 2254 federal habeas Petition was filed. Petitioner raises his grounds for relief as follows:

> Insufficient Evidence of a Course of Conduct or purposeful harassment on Count One, and Count Two.
>
> Count One: I never c[i]rcled a park with the purpose of harassment. I was never there. Never went near a park.
>
> Count Two: I never made sexual advances towards the victim for my own gratification.
>
> This all came about from a child custody battle that which I was granted full custody of my child. The other party in the matter had an ongoing friendship with this case.

(ECF No. 1 at 3).

On April 24, 2019, Respondent filed a Response to Order to Show Cause, arguing that this Court should deny Petitioner's claims that there was insufficient evidence from which the trial court could have found him guilty of aggravated stalking and sexual misconduct. Respondent asserts that the state court's decision was reasonable as affirmed by the Missouri

2

Court of Appeals. Respondent argues that the state court rulings on these issues should be entitled to deference. Additionally, Respondent asserts that this Court should not grant Petitioner's request for habeas relief as to the sexual misconduct claim because he completed his fifteen-day sentence for that charge before filing the instant federal habeas petition. Respondent argues that federal courts lack jurisdiction over habeas corpus petitions when the sentence has already been served.

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably

3

applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A state court's factual findings are presumed to be correct.  28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

## III.    DISCUSSION

### A.  Ground One: Sufficiency of Evidence for Aggravated Stalking Conviction

In Ground One, Petitioner claims there was insufficient evidence to support his conviction of aggravated stalking because he did not have "the purpose of harassment." Respondent counters that the Missouri Court of Appeals concluded the evidence was sufficient to find Petitioner guilty of aggravated stalking, and this Court must defer to that decision.

Petitioner unsuccessfully raised this claim on direct appeal, which was denied on the merits.  In its decision, the Missouri Court of Appeals for the Eastern District discussed the elements of a class C felony of aggravated stalking pursuant to Mo. Rev. Stat. § 565.225.3:

> Missouri courts have made clear that Section 565.225 provides "two avenues" by which an individual can commit the crime of stalking: by "[1] purposefully, through

4

> his or her course of conduct, harass[ing] *or* [2] follow[ing] with the intent to harass." *Joyner*, 458 S.W.3d at 884 (emphasis in original). Here, Defendant was charged pursuant to the "following" variety. The act of "'following' [will] support a conviction for stalking if merely the *intent* to harass is established . . . whether or not harassing actually results. *Id.* at 884-85 (emphasis in original). Thus, the State had to prove that Defendant intended to "engage in a course of conduct directed at a specific person that serves no legitimate purpose that would cause a reasonable person under the circumstances to be frightened, intimidated, or emotionally distressed." Section 565.225.1(3). "Intent usually is not susceptible of direct proof, but may be, and generally is, established by circumstantial evidence." *State v. Davidson*, 521 S.W.3d 637, 644 (Mo. App. W.D. 2017) (quoting *In Interest of V.L.P.*, 947 S.W.2d 546, 547 (Mo. App. W.D. 1997)). A defendant's "mental state may be determined from evidence of the defendant's conduct before the act, from the act itself, and from the defendant's subsequent conduct." *Id.* (quoting *State v. Holleran*, 197 S.W.3d 603, 611 (Mo. App. E.D. 2006)) (internal quotation marks omitted).

(ECF No. 8-6 at 8). The appellate court then reviewed the evidence adduced at trial and determined that there was sufficient evidence from which the trial court could have reasonably concluded that Petitioner's actions constituted a "course of conduct" that would have caused a reasonable person to experience "fright, intimidation, or emotional distress." Specifically, the appellate court relied on the following testimony in making its determination that the trial court did not err in overruling Petitioner's motion for judgment of acquittal as to the aggravated stalking conviction:

> Victim testified that she directly encountered Defendant twice of May 11, 2015. Victim testified that during her first interaction with him, Defendant blocked her path with his vehicle while she crossed the street and, after learning that she was fifteen, asked her several sexually explicit questions including whether she "had ever been with a guy," whether she would "go down on him" and "go deep," and whether she "wanted to get in [the vehicle] with him." Victim testified that Defendant then drove away and did not return until after she had walked another two blocks, at which point he stopped her once more, asked her the same questions, and unbuckled his seatbelt, asking if she was a virgin.
>
> . . .
>
> Victim testified that, at the time Defendant questioned her, she was fifteen, and the evidence showed that Defendant was twenty-seven. Victim testified that, while she was walking home, Defendant, a man nearly twice her age, blocked her path with

5

>his vehicle on two occasions and continued to ask her personal and sexually explicit questions despite knowing she was only fifteen, and despite her answering "no" repeatedly.

(ECF No. 8-6 at 9, 11).

When reviewing a claim challenging the sufficiency of the evidence, "the relevant question is whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in *Jackson*). "Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution." *Id*. (emphasis in *Jackson*). When applying this standard, the scope of review is extremely limited. A reviewing court "must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and [it] must defer to that resolution." *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003) (internal quotations marks and citations omitted). Thus, this Court may grant relief only if the Missouri Court of Appeals' conclusion that the evidence satisfied the *Jackson* standard was both incorrect and unreasonable. *See Cole v. Roper*, 623 F.3d 1183, 1187 (8th Cir. 2010); *see also Skillicorn v. Luebbers*, 475 F.3d 965, 977 (8th Cir. 2007) (recognizing the scope of review of the state court's determination of whether evidence was sufficient is "extremely limited").

A state appellate court's conclusion that the evidence was sufficient to support a criminal conviction is entitled to great deference by a federal court. *Jackson*, 443 U.S. at 323. "[W]hether the record contains sufficient evidence to establish each element of the crime beyond a reasonable doubt 'is everyday business for the state courts, grist for their mill, and it will be a rare case in which a federal court on habeas will disagree with them.'" *Cassell v. Lockhart*, 886

F.2d 178, 179 (8th Cir. 1989) (quoting *Moeller v. Attorney Gen. of S.D.*, 838 F.2d 309, 310 (8th Cir. 1988)). "[A] federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Cavazos v. Smith*, 132 S.Ct. 2, 4 (2011) (per curiam).

Articulating and applying a standard parallel to *Jackson*, the appellate court determined there was sufficient evidence supported by the record, including the victim's testimony of Petitioner's course of conduct in following her and her emotional distress caused from the encounter, to convict Petitioner of aggravated stalking. Because the appellate court correctly identified and applied a standard parallel to *Jackson*, the court's decision warrants deference under 28 U.S.C. § 2254(d). *See Dansby v. Hobbs*, 766 F.3d 809, 818 (8th Cir. 2012).

This Court is not aware of any "clearly established Federal law, as determined by the Supreme Court of the United States" of which the appellate court's decision runs afoul, nor has Petitioner demonstrated such. Therefore, it cannot be said that the state court's determination "resulted in a decision that was contrary to, or involved an unreasonable application of," clearly established federal law. 28 U.S.C. § 2254(d)(1). Nor has Petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

To the extent Petitioner is asking this Court to re-examine the state court's application of Missouri law, that claim is not cognizable. Since the appellate court relied squarely on its interpretation of state law in concluding Petitioner's Ground One was without merit, this Court must defer to the state court on the interpretation of state law on habeas review. *See Schleeper v. Groose,* 36 F.3d 737, 737 (8th Cir. 1994) (federal habeas court is not authorized to re-examine

state court's determination of state law). *Cf. Poe v. Caspari,* 39 F.3d 204, 207 (8th Cir. 1994) (it is not the province of a federal habeas court to reexamine state court determinations on state law questions); *Higgins v. Smith,* 991 F.2d 440, 442 (8th Cir.1993) (error in the interpretation and application of state law does not rise to the level of a constitutional violation cognizable in a federal habeas petition).

Thus, Ground One of the habeas petition is denied.

### B.  Ground Two: Sufficiency of Evidence for Sexual Misconduct

In Ground Two, Petitioner claims there was insufficient evidence to support his conviction of sexual misconduct because he "never made sexual advances towards the victim for [his] own gratification." Respondent argues that this Court does not have jurisdiction to address this claim because Petitioner completed his fifteen-day sentence for this charge prior to filing his federal habeas Petition.  The Court agrees.

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are *in custody* in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (emphasis in original).  At the time a habeas petitioner brings his petition, however, he must be in custody under the conviction or sentence he seeks to attack. *Id.* at 491. Where a sentence imposed on a conviction has fully expired at the time the petition is filed, the petitioner is no longer "in custody" under that conviction. *Id.* at 491-92.  "In circumstances where, as here, a petitioner files a habeas petition while serving the longer of concurrent terms of imprisonment after the shorter sentence has expired, the petitioner is in custody on the conviction for which he is serving the longer sentence but is no longer in custody on the conviction for which he received the shorter, expired sentence. *Bernhardt v. Staats*, No. 4:14 CV 1341 CDP, 2017 WL 4176361, at *2 (E.D.

Mo. Sept. 21, 2017) (citing *Mays v. Dinwiddie*, 580 F.3d 1136, 1140–41 (10th Cir. 2009), *cert. denied*, 130 S.Ct. 1022 (2009) (petitioner who was still serving the longer of two concurrent sentences, but had already completed serving the shorter of the two concurrent sentences and the shorter sentence was not used to enhance the longer sentence, was not "in custody" for purposes of challenging the constitutionality of the shorter sentence). S*ee also White v. Luebbers*, No. 4:04CV01386 ERW-DDN, 2006 WL 2375368, at *3 (E.D. Mo. Aug. 15, 2006) ("The only time that a prisoner serving concurrent sentences satisfies the custody requirement for an expired sentence is when the challenged conviction has collateral consequences.").

Petitioner challenges the sufficiency of the evidence supporting his conviction for sexual misconduct. On May 15, 2017, Petitioner was sentenced to concurrent sentences of four (4) years' imprisonment in the Missouri Department of Corrections for aggravated stalking and fifteen (15) days' imprisonment in the Cape Girardeau County Jail for sexual misconduct in the second degree. The circuit court suspended execution of the sentences and retained jurisdiction for one hundred and twenty days to place Petitioner in a shock incarceration program pursuant to Mo. Rev. Stat. § 559.115. When petitioner filed this habeas action on March 1, 2019, his fifteen-day sentence on this conviction had already been served and was therefore expired. Because Petitioner was no longer in custody under his conviction for sexual misconduct when he filed this Petition, and Petitioner does not allege that his shorter sentence was used to enhance his longer sentence, this Court does not have jurisdiction to entertain the instant claim challenging that conviction.

Thus, Ground Two of the habeas petition is denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Brian Adam Burney for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**

**IT IS FURTHER ORDERED** that the Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability. 28 § U.S.C. 2253(c)(2). A separate judgment in accord with this Order is entered on this same date.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute **Warden Richard Stepanek** for Warden Stanley Payne in the court record of this case.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of December, 2020.